*E-FILED - 11/10/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KEITH A. ROBINSON, | ) | No. C 09-4261 RMW (PR) |
| Plaintiff, | ) ) | ORDER OF DISMISSAL |
| v. | ) ) | |
| WARDEN FRANCISCO JACQUEZ, K. CRUSE, and R.K. BELL, | ) ) ) | |
| Defendants. | ) | |

Plaintiff, an inmate at California State Prison - Sacramento, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against officials and employees of Pelican Bay State Prison ("PBSP"), where plaintiff's allegations occurred. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons below, the court dismisses this action as duplicative.

**DISCUSSION**

A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or

Order of Dismissal
P:\PRO-SE\SJ.Rmw\CR.09\Robinson261dupl.wpd

seek monetary relief from a defendant who is immune from such relief. Id. at § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

**ANALYSIS**

In the complaint, plaintiff claims that defendants violated his First Amendment right to the free exercise of religion by failing to provide kosher meals, permit attendance at Jewish service, and provide a staff rabbi. These claims are duplicative of the claims challenging the failure to PBSP to provide the same, in violation of plaintiff's First Amendment right, that plaintiff raised in an earlier case filed in this court, which is still pending. See Robinson v. Jacquez, et al., No. 08-5290 RMW (PR) (N.D. Cal. Jan. 23, 2009) (order of service). Currently, defendants in that case have filed a motion to dismiss and plaintiff has not opposed it. That matter is submitted and ready for disposition.

Duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious. Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988). An in forma pauperis complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915. Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); Bailey, 846 F.2d at 1021. An in forma pauperis complaint repeating the same factual allegations asserted in an earlier case, even if now filed against new defendants, therefore is subject to dismissal as duplicative. Id.; Van Meter v. Morgan, 518 F.2d 366, 368 (8th Cir. 1975). "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the 'comprehensive disposition of litigation.'" Adams v. California, 487 F.3d 684, 692-93, 694 (9th Cir. 2007) (citation omitted). As plaintiff's claims are duplicative of claims that he raised in a prior action that is currently pending before this court, the instant action will be dismissed.

1
**CONCLUSION**

2   For the foregoing reasons, this case is DISMISSED.  The Clerk shall close the file.

3   IT IS SO ORDERED.

4   DATED: __11/6/09__          *Ronald M. Whyte*
                                 ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
5                                RONALD M. WHYTE
                                 United States District Judge

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Order of Dismissal
P:\PRO-SE\SJ.Rmw\CR.09\Robinson261dupl.wpd      3